UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NUGENE JACKSON,

                Plaintiff,

v.                                                                           Case No. 20-cv-475-pp

C.O. GUZMAN, *et al.*,

                Defendants.

**ORDER REOPENING CASE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

On April 23, 2020, the court dismissed the case without prejudice because the plaintiff had not paid the initial partial filing fee. Dkt. No. 7. The order stated that the plaintiff could submit the fee and move to have the case reopened within twenty-one days of the entry of the order. Id. at 2. The court received the initial partial filing fee on May 4, 2020. The court will reopen the case, grant the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screen the complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On March 26, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $ 3.75. Dkt. No. 5. The court received that fee on May 4, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

　　A.    Federal Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff is an inmate at Racine Correctional Institution ("RCI"). Dkt. No. 1. Defendants Guzman and Sabel are correctional officers at RCI. Id. at 2.

The plaintiff alleges that on October 4, 2019 at around 1:00 p.m., he was walking on the right side of the county road eastbound from his unit. Id. at 2. He says that Officer Sabel was driving a golf cart down the center line of the county road, traveling in the same direction that the plaintiff was walking. Id. C.O. Guzman was in the cart with Sabel. Id. at 3. He asserts that Sabel drove up behind him—the plaintiff did not see Sabel approaching and because of the "noise from the cart" did not hear him. Id. at 2. The plaintiff says that as Sabel tried to drive past him, Guzman opened the right-side door; the door hit the plaintiff, injuring his left leg. Id. The plaintiff describes limping back to the housing unit to report the incident to his unit sergeant, who reported the incident to his supervisor. Id. at 2-3. The plaintiff was seen by Nurse Street and photos were taken of his leg. Id. at 3.

The plaintiff says that his left leg was "swollen, bruised and scar[r]ed," and that he suffered pain throughout the situation. Id. at 3. He says it was hard for him to do simple tasks, like getting to the phone, using the bathroom and walking through the line for meals; he had to get help from other inmates. Id. The plaintiff explains that his right leg has been amputated, so he only had one "good" leg for mobility. Id. at 3. He says that at the time he wrote his complaint—four months later—he still was having problems, such as pain in

3

the leg and the need to use a wheelchair. Id. He was scheduled to see a doctor March 3, 2020. Id. For relief, the plaintiff seeks monetary damages. Id. at 4.

    C.    <u>Analysis</u>

To state a claim for relief under 42 U.S.C. §1983, the plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. Cty. of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)).

The plaintiff alleges that Guzman hit the plaintiff's leg with a golf cart door. He does not explain why he believes this violated his constitutional rights. To state a claim for use of excessive force in violation of the Eighth Amendment, for example, a plaintiff needs to show that the person applying the force—in this case, Guzman—"evinced such wantonness with respect to the unjustified infliction of harm as tantamount to a knowing willingness that it occur." <u>McCottrell v. White</u>, 933 F.3d 651, 663 (7th Cir. 2019) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986)). The plaintiff has not alleged that Guzman deliberately hit the plaintiff with the door. The plaintiff states that he continues to have medical problems with his leg. He does not allege, however, that Guzman or Sabel ignored his medical problems after the incident, delayed providing treatment or refused to provide treatment—in other words, he has not alleged that they demonstrated deliberate indifference to his serious medical need. See <u>Lewis v. McLean</u>, 864 F.3d 556, 563–64 (7th Cir. 2017) (explaining the Eighth Amendment deliberate indifference standard). Perhaps the plaintiff means to allege that Guzman should have been more careful when he opened the door without first looking around, or that Sabel should have

4

warned the plaintiff as they were pulling up behind him in the golf cart, but those are claims of negligence, and negligence is not sufficient to state a constitutional claim under §1983. <u>Wilson v. Adams</u>, 901 F.3d 816, 820 (7th Cir. 2018).[1]

Because the complaint does not state a claim that Sabel or Guzman violated the plaintiff's constitutional rights, the court must dismiss it. But the court will give the plaintiff an opportunity to file an amended complaint that provides more information about what happened to him on October 4, 2019 and why he thinks Guzman and Sabel violated his constitutional rights. The court is enclosing with this order a guide for prisoners who are representing themselves that explains how to file a complaint. The court also will include a blank prisoner complaint form. The court will require the plaintiff to use that form to file his amended complaint. <u>See</u> Civil L. R. 9 (E.D. Wis.).

If the plaintiff chooses to file an amended complaint, he must write the word "Amended" at the top of the first page, in front of the word "Complaint." He must write the case number—20-cv-475—in the space provided on the first page. He must use the lines on pages two and three, under "Statement of Claim," to explain what actions Sabel took and what actions Guzman took and why he believes those actions violated his constitutional rights. The amended complaint will take the place of the original complaint, so it must be complete in itself; the plaintiff must not leave out any facts he wants the court to consider.

If the plaintiff files an amended complaint by the deadline below, the court will screen it as required by 28 U.S.C. §1915A. If the plaintiff does not file

---

[1] A plaintiff who wishes to sue someone for negligence can bring such a lawsuit in state court.

an amended complaint by the deadline, the court will issue a final order of dismissal on the next business day and will assess a strike against the plaintiff. 28 U.S.C. §1915(g). If the plaintiff decides, after reading this order, that he is not able to state a claim, he may avoid incurring a strike by notifying the court that he would like to voluntarily dismiss the case.

### III. Conclusion

The court **REOPENS** this case based on the plaintiff's payment of the initial partial filing fee.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$346.25** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution. The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim and **DISMISSES** the complaint. The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the

court to receive it by the end of the day on **December 4, 2020**. If the court does not receive a notice of voluntary dismissal or an amended complaint by the end of the day on December 4, 2020, the court will issue a final order of dismissal and the plaintiff will incur a strike.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The court includes with this order a copy of the guide entitled, "Answers

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin this 29th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**