UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NUGENE JACKSON,

        Plaintiff,

    v.                                             Case No. 20-cv-0475-bhl

CORRECTIONAL OFFICER GUZMAN, et al.,

        Defendants.

---

## SCREENING ORDER

---

On October 29, 2020, the Court dismissed the original complaint for failure to state a claim upon which relief can be granted. Dkt. No. 13. The Court instructed plaintiff Nugene Jackson to file an amended complaint by March 9, 2021, if he wanted to proceed with this lawsuit. Dkt. Nos. 13, 18. Jackson filed an amended complaint on February 10, 2021. Dkt. No. 19. The Court will screen it below.

### COMPLAINT ALLEGATIONS

Jackson is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendants Guzman and Sabel are correctional officers at the institution. *Id*. at 1-2.

On October 4, 2109, Jackson was walking down a pathway towards his unit. *Id*. at 2-3. He has an amputated right leg, so he was walking in an unbalanced manner. *Id*. The defendants drove up behind him in a golf cart and used the metal door to intentionally knock him over. *Id*. He states that there was no legitimate reason to hit him with a golf cart. *Id*. It caused "a swollen, bruised and scar[r]ed left leg that perpetuated pain for several weeks." *Id*. at 3. For relief, Jackson seeks monetary damages and an injunction. *Id*. at 4

**ANALYSIS**

To state a claim for relief under 42 U.S.C. §1983, Jackson must allege that he was "deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The "unnecessary and wanton" infliction of pain violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To state a claim, Jackson must allege that the defendants applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Id.* at 6-7; *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986*); Rice*, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson*, 503 U.S. at 7).

Jackson alleges that the defendants maliciously and sadistically struck him with a golf cart door to cause pain and humiliate him. He states that the defendants did this because he has an amputated leg that caused him to walk in an unbalanced manner. He states that they had no legitimate reason to behave that way and it caused significant pain for several weeks. Accordingly, Jackson may proceed with an Eighth Amendment claim that the defendants used excessive force on October 4, 2019.

## CONCLUSION

The Court finds that Jackson may proceed with an Eighth Amendment claim that the defendants used excessive force on October 4, 2019.

**IT IS ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Guzman and Sabel.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Guzman and Sabel shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 17th day of February, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge