# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NUGENE JACKSON**,

      Plaintiff,

v.                                            **Case No. 20-CV-475**

**RAUL GUZMAN,** *et al.*,

      Defendants.

## ORDER

On November 12, 2021, *pro se* plaintiff Nugene Jackson filed a motion to compel production of the complete surveillance video and color photos related to his case. (ECF No. 37). He also requests a hearing to discuss the deficiencies in the video. (ECF No. 38). On December 29, 2021, Jackson, with the assistance of fellow inmate David W. Givhan, filed a motion to amend the complaint. (ECF No. 50). This order resolves those motions.

    **1. Motion to Compel and Motion for Hearing (ECF Nos. 37, 38)**

Jackson states that the video produced by the defendants in discovery was "cut short. It doesn't show the aftermath of the impact of me getting hit. There are other angles of cameras that could have captured the incident." (ECF No. 37 at 1.) He also states that he requested copies of the relevant photos to be in color, but the defendants only produced black and white copies. He further states that he believes

the defendants are intentionally manipulating the evidence and requests a hearing to discuss the deficiencies in the video.

The defendants responded, providing an affidavit swearing that they provided all camera angles and all video related to the incident in their possession. (ECF No. 39 at 1.) They assert that there are no other cameras or additional footage that they are able to produce. Also, in response to Jackson's motion, the defendants filed color photos of his leg. (ECF No. 41-1.) The court also notes that the defendants' brief in support of their motion for summary judgment (ECF No. 43) embeds color photos and stills of the of the video the defendants rely upon to support their arguments.

The court cannot compel the defendants to produce evidence they do not have. There is no evidence that the defendants manipulated the video or are withholding additional angles. Also, it appears the defendants provided the necessary color photos in their materials supporting their summary judgment motion. It is clear from the record that Jackson has sufficient evidence at his disposal to respond to the defendant's motion for summary judgment. As such, no hearing is necessary. The court denies Jackson's motion to compel and motion for a hearing.

**2. Motion to Amend Complaint. (ECF No. 50.)**

Jackson also filed a motion to amend the complaint or, in the alternative, to allow him to dismiss the action and refile it without having to pay a filing fee. He states that, when he filed his original complaint, he did not understand the difference between pleading an excessive force claim and a negligence claim and asks to amend the complaint to change his claim to a negligence claim. (ECF No. 50 at 1.)

2

Jackson's motion fails to comply with Civil Local Rule 15(b), which requires that a motion to amend a pleading "must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." Jackson's motion does not include a reproduction of the entire pleading.

Even if Jackson did comply with Civil Local Rule 15(b), the court would still deny his motion because amending the complaint to switch out the excessive force claim for a negligence claim would be futile and prejudicial to the defendants. Under Federal Rule of Civil Procedure 15(a), "courts should freely allow pleading amendments 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

Jackson appears to be filing this motion in response to the defendants' motion for summary judgment. The defendants' primary argument is that, as a matter of law, the defendants' actions do not amount to an excessive force claim and at best could be a negligence claim. In other words, after seeing the defendants' argument, Jackson is trying to avoid dismissal at the summary judgment stage by amending the complaint to state a negligence claim instead of an excessive force claim.

Under 42 U. S. C. § 1983, a negligence claim cannot be brought as a stand-alone claim in federal court. Section 1983 applies only to constitutional violations, and a

3

claim that a defendant was negligent does not assert that the plaintiff's constitutional rights were violated. Federal district courts may take supplemental jurisdiction of state law negligence claims if the complaint also asserts a viable constitutional claim. However, Jackson is not proposing to amend his complaint to add the state law negligence claim to his excessive force claim. He is proposing to swap out the excessive force claim with the negligence claim.

Even if Jackson did propose to add the state law negligence claim to his excessive force claim, allowing such an amendment is unnecessary while the court is considering the defendants' motion for summary judgment If Jackson's excessive force claim does not survive summary judgment, the court would not have jurisdiction to consider his state law negligence claim. However, if Jackson's excessive force claim survives summary judgment, the court would entertain an amended complaint seeking to add the state law negligence claim at that time. The court denies Jackson's motion to amend the complaint.

Instead of amending the complaint to avoid summary judgment, Jackson needs to respond to the defendants' motion for summary judgment by presenting facts supported by the record (e.g., with citations to the video and photos or affidavits and declarations) that demonstrate he was subjected to excessive force. He does not need to focus on the law; the court knows the law. What the court needs is his side of the story.

The court notes that it entered a notice and order on December 9, 2021, giving Jackson until December 28, 2021, to file a response. (ECF No. 48.) That date was

4

entered in error and under the applicable local rules. Jackson actually has until January 10, 2022, to file a response. In acknowledgement of the potential confusion caused by its order and the fact that Jackson may have been waiting for the court to rule on his motion to compel before responding to the defendants' summary judgment motion, the court will extend the deadline for his response to the defendants' summary judgment motion to February 10, 2022. The defendants' reply, should they wish to file one, is due according to the applicable local rules.

**IT IS THEREFORE ORDERED** that Jackson's motion to compel (ECF No. 37) is **DENIED.**

**IT IS FURTHER ORDERED** that Jackson's motion for hearing (ECF NO. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Jackson's motion to amend the complaint (ECF No. 50) is **DENIED.**

**IT IS FURTHER ORDERED** that the deadline for Jackson to respond to the defendants' motion for summary judgment is now **February 10, 2022.** The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge